UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| OLGA PRIDHAM, | ) |
| | ) CIVIL COMPLAINT |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 3:19-cv-02242 |
| GLOBAL MANAGEMENT ACQUISITION FIRM, INC, BENNY HARDY, and LAMONT COOPER . | ) ) ) ) JURY DEMAND |
| Defendant. | ) |
| | ) |

# COMPLAINT

Now comes OLGA PRIDHAM ("Plaintiff") complaining as to GLOBAL MANAGEMENT ACQUISITION FIRM, INC, ("Global"), BENNY HARDY ("Hardy"), and LAMONT COOPER ("Cooper") (collectively, "Defendants") and as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*; and the Ohio Consumer Sales Practices Act ("CSPA") under R.C. 1345.02 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claims occurred within this District.

[ 1 ]

**PARTIES**

4. Plaintiff is a natural person residing in this District.

5. Global is a third-party debt collector with its principal place of business in Georgia that regularly collects upon consumers in the State of Ohio.

6. Global acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

7. On information and belief, Hardy and Cooper participate in and oversee the day-to-day debt collection activities of Global, and Hardy and Cooper actively collect upon consumer debts.

8. On information and belief, Hardy is a natural person that resides in the State of Georgia.

9. On information and belief, Cooper is a natural person that resides in the State of Georgia.

**BACKGROUND**

10. Plaintiff took out a loan many years ago for personal (not business) purposes.

11. Plaintiff paid off the loan years ago. Nevertheless, on information and belief, this account was bought and sold several times, eventually ending up at Global.

12. Earlier this year, Plaintiff began receiving calls from Global in connection with collecting the purported debt on the loan.

13. Global frequently harasses Plaintiff by making repetitive calls to her personal phone in connection with collecting the purported debt.

14. Plaintiff eventually demanded that Global stop calling her, but it continued to call despite Plaintiff's demands.

15. On information and belief, the purpose of Global's calls to Plaintiff's phone is to harass Plaintiff into paying the purported debt.

16. Plaintiff has repeatedly demanded that Global state its full name and address so that she can look it up to see if it is a legitimate company.

17. Global has consistently refused to reveal its full name or whereabouts. This greatly impeded Plaintiff's ability to exercise her rights, such as the right to dispute the purported debt in writing.

18. Plaintiff only was able to locate Global's true name and address with the assistance of counsel. No reasonable consumer, and certainly not the least sophisticated consumer, would have been able to locate Global based on the information that Global was willing to reveal.

19. Plaintiff repeatedly asked for Global to send written correspondence in the mail with information on the purported debt, but Global refused.

20. Plaintiff has not received, and on information and belief, Global never sent, the notice of collection of debt commonly known as a "1692g" notice.

21. Plaintiff has suffered humiliation, embarrassment, and anxiety as a result of Global's actions.

22. On information and belief, Hardy and Cooper oversaw Global's collection activities regarding Plaintiff.

23. On information and belief, there exists a complete identity of interest between Hardy and Global as well as Cooper and Global, such that it is in the interests of justice to pierce the corporate veil.

### COUNT I — VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff realleges the paragraphs above as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

26. Defendants are "debt collector[s]" as defined by § 1692a(6) of the FDCPA because the principal purposes of their business is the collection of debts, and because they use the instrumentalities of interstate commerce to do so.

27. In the alternative, Defendants are "debt collector[s]" under § 1692(a)(6) because they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

28. Hardy, Cooper, and Global identify themselves as debt collectors and are engaged in the business of collecting or attempting to collect, directly or indirectly, default debts owed, due, or asserted to be owed or due to others.

29. Employees and officers of debt collection agencies are themselves liable as debt collectors where they "regularly engage[], directly or indirectly, in the collection of debts," including through "oversee[ing] compliance." *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008).

[ 4 ]

30. Hardy and Cooper are therefore liable for Global's violations of the FDCPA committed under their supervision, including, on information and belief, the violations described in this Count.

31. Further, Hardy and Cooper are liable for Global's wrongdoing because the corporate veil should be pierced.

32. The subject debt is a "debt" as defined by FDCPA § 1692a(5) because the debt owed or due or asserted to be owed or due to another arises out of a transaction for personal, family, or household purposes, being the loan was used for personal purposes.

33. Defendant's actions violated:

   a. § 1692d because Global engaged in conduct, as described in this Complaint, that the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the debt, including repetitive phone calls;

   b. § 1692e because Global made false, deceptive, and misleading representations or means in connection with the collection of a debt, such as not communicating its physical address or true name;

   c. § 1692g because Global failed to send a notice of debt collection to Plaintiff within five days of initial contact.

### COUNT II — VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

34. Plaintiff realleges the paragraphs above as though fully set forth herein.

35. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

36. Plaintiff is a "person" as defined by R.C. 1345.01(B).

37. Defendants are "supplier[s]" as defined by R.C. 1345.01(C). *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016), *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016).

38. Debt collection is part of a "consumer transaction" as defined by R.C. 1345.01(A).

39. R.C. 1345.09(B) thus grants Plaintiff a private right of action against Defendants for $200 per violation of the CSPA, plus noneconomic damages of up to $5,000 per violation in an amount to be determined at trial, plus attorney fees.

40. Defendants committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), when Defendants engaged in acts and practices in violation of the FDCPA as set forth above.

41. Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. 1345.01 *et seq.* *See, e.g., Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03").

42. Defendants committed such actions after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

43. Defendants actions therefore violated the CSPA, and Plaintiff is entitled to compensation.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

    **a.**    Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    **b.**    Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

    **c.**    Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

    **d.**    Awarding Plaintiff $200 per violation of the CSPA, plus noneconomic damages up to $5,000 per violation in an amount to be determined at trial, plus reasonable attorney fees and punitive damages;

    **e.**    Awarding Plaintiff's counsel an enhancement or multiplier of attorney fees pursuant to the CSPA;

    **f.**    Awarding Plaintiff the costs of this action; and

    **g.**    Awarding any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Dated: September 26, 2019

                                                                                                 By: <u>s/ Jonathan Hilton</u>

                                                                                                  Jonathan Hilton (0095742)
                                                                                                  HILTON PARKER LLC
                                                                                                  10400 Blacklick-Eastern Rd NW, Suite 110
                                                                                                  Pickerington, OH 43147
                                                                                                  Tel: (614) 992-2277
                                                                                                  Fax: (614) 427-5557
                                                                                                  jhilton@hiltonparker.com
                                                                                                  *Attorney for Plaintiff*